IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES E. PITTS, JR.,

    Plaintiff,

v.                                         Civil Action No. 5:13CV100
                                                            (STAMP)

NORTH CENTRAL REGIONAL JAIL,
GEORGE TRENT, Warden,
LIEUTENANT RODGER ELDER,
OFFICER BOCKINS, OFFICER RIDDLE,
OFFICER BRIAN CRADDOCK,
OFFICER TAYLOR, OFFICER MAYS
and CORPORAL HENTHORNE,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] plaintiff, James E. Pitts, Jr., commenced this civil rights action by filing a complaint against the defendants, North Central Regional Jail, Warden George Trent, Lieutenant Rodger Elder, Officer Bockins, Officer Riddle, Officer Brian Craddock, Officer Taylor, Officer Mays, and Corporal Henthorne, in this Court pursuant to 42 U.S.C. § 1983. In his complaint, the plaintiff claims generally that his civil rights were violated. He asserts failure to protect claims and excessive force claims. He further

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

asserts that the defendants interfered with his right to file administrative remedies.

The plaintiff maintains that these claims arise out of an incident that occurred on September 18, 2010. The plaintiff alleges that he was attacked by another inmate while at the North Central Regional Jail in Greenwood, West Virginia as a pretrial detainee. After the attack, the plaintiff claims that he was ordered to the ground by Officer Riddle, and pinned there by Officer Bockins. While pinned to the floor, the plaintiff asserts he was pepper-sprayed by an unnamed officer. Further, plaintiff asserts that Officer Craddock sat on his lower back, and twisted his feet and ankles and bent his toes. Thereafter, the plaintiff states that he was handcuffed, shackled, and was picked up to exit the housing pod. Upon exiting the housing pod, the plaintiff alleges that Officer Bockins slammed his face into a steel door causing a laceration above his right eye. After slamming him into the door, the plaintiff contends that Officer Bockins yelled to Corporal Henthorne that the plaintiff fell. When the plaintiff was taken for medical care at the jail and then the emergency room, he asserts that the officers told the nurse and doctors that he fell. The plaintiff states that he received 12 to 15 stitches for the wound. He further maintains that the officers told him that he would be sorry if he brought any legal action and that is why he waited until he was out of West Virginia custody to file this

action.  As relief, the plaintiff seeks $250,000.00 for his pain and suffering and $250,000.00 for future damages and medical services.

The defendants filed a motion to dismiss, in which they argue that the plaintiff's complaint should be dismissed for the failure to state a claim upon which relief may be granted.  Specifically, the defendants argue that: (1) the plaintiff's claims are untimely and thus, should be dismissed as a matter of law; (2) no claim, including but not limited to a claim under respondeat superior, is available against Warden George Trent; (3) the plaintiff's claims should be dismissed because he failed to exhaust all available administrative remedies; (4) the plaintiff's injuries are de minimis in nature and, thus, should be dismissed as a matter of law; and (5) the defendants are entitled to qualified immunity.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate James E. Seibert for initial review and report and recommendation. Magistrate Judge Seibert issued a report and recommendation recommending that the plaintiff's complaint be dismissed with prejudice as untimely, frivolous, malicious, and for failure to state a claim upon which relief can be granted.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being

served a copy of the report and recommendation. No party filed objections to the report and recommendation.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

A. North Central Regional Jail

As outlined by Magistrate Judge Seibert in his report and recommendation, suits under 42 U.S.C. § 1983 must be brought against a "person." Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982). It is established law that governmental entities such as jails and courts are not "persons" under § 1983, and are thus not amenable to suit under the statute. See Will v. Mich. Dept. of State Police, 491 U.S. 58 (1989). Accordingly, this Court agrees with the magistrate judge and finds no clear error in his finding that, as a matter of law, the North Central Regional Jail is an improper defendant in this action. As such, the plaintiff failed to state a claim upon which relief can be granted as to the North Central Regional Jail; therefore, the action must be dismissed as to it.

B.  Statute of Limitations

As to the remaining defendants, the magistrate judge next found that such claims were barred by the applicable statute of limitations. The applicable statute of limitations for a 42 U.S.C. § 1983 action is based on the state limitations period applicable to personal injury claims. Wilson v. Garcia, 471 U.S. 261 (1985). Under West Virginia law, the statute of limitations for a personal injury action is two years. W. Va. Code § 55-2-12. Therefore, a two-year statute of limitations applies to the plaintiff's § 1983 claims in this case. This Court finds no clear error in the magistrate judge's finding concerning the statute of limitations. The plaintiff's claims against the defendants are time-barred because, as the magistrate judge notes, the plaintiff did not file his complaint until August 5, 2013, almost three years after the incident on September 18, 2010 occurred.

C.  Sufficiency of the Allegations

The magistrate judge further found that the plaintiff's failure to protect claims and claims that he was denied access to the administrate remedy process are insufficiently pled and must be denied as such. Further, the magistrate judge found that the plaintiff's claims are impossible to give any credence to because a cursory review of the record indicates that they are also frivolous and malicious. The magistrate judge stated that the defendants attached multiple incident reports from various West

5

Virginia Regional Jail staff proving that the plaintiff was the aggressor in the fight, that he had no visible injury from the fight, that he refused to desist when ordered to, that he became combative and aggressive toward officers, that he resisted being shackled and had to be pepper-sprayed and physically restrained to be subdued, and that the eye injury was a result of him tripping and hitting his head on the door frame while being escorted through a door. Further, the defendants also attached an email from the Warden regarding a letter intercepted by the mail delivery officer showing that the plaintiff's girlfriend was attempting, on plaintiff's behalf, to bribe a fellow inmate to get other inmates to make false accusations against the staff.

After reviewing the record, this Court finds no clear error in the magistrate judge's finding that the plaintiff's claims that defendants failed to protect him and denied him access to the administrate remedy process are insufficiently pled and must be dismissed. Further, after reviewing the documents cited by the magistrate judge concerning the plaintiff's claims, this Court also finds no clear error with the magistrate judge's finding that the plaintiff's claims are frivolous, and should also be dismissed as such under 28 U.S.C. § 1915.

## IV. Conclusion

For the reasons set forth above, this Court finds no clear error in the report and recommendation of the magistrate judge, and

6

it is therefore AFFIRMED and ADOPTED in its entirety.  It is ORDERED that this case be DISMISSED WITH PREJUDICE.  Furthermore, it is ORDERED that this case be STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    June 4, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE